IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON CORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-00850-NJR-DGW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| KIMBERLY BUTLER, TROST, GAIL | ) |
| WALLS, FUENTES, MARTHA | ) |
| OAKLEY, DR. RITZ, C/O JOHNSON, | ) |
| DILDAY, REDNOUR, SPILLER, JOHN | ) |
| DOE 1, WARDEN OF MENARD | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 66), which recommends denying the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Fuentes, Ritz, Trost, and Wexford Health Sources, Inc. (Doc. 38), granting in part and denying in part the Motion for Summary Judgment filed by Defendants Butler, Dilday, Oakley, Rednour, Spiller, Walls, and the Warden of Menard (Doc. 41), and denying as moot the Motion for Summary Judgment filed by Plaintiff Keon Corley (Doc. 50). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation in its entirety.

Corley, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 alleging staff at Menard Correctional Center violated his

constitutional rights. After an initial screening of his complaint pursuant to 28 U.S.C.

§ 1915A, Corley was permitted to proceed on ten counts:

**Count 1:** Eighth Amendment excessive force claim against Defendant Rednour and John Doe 1 for slamming Corley into the ground on March 2, 2015, to make an example out of him during an inmate fight on the yard at Menard;

**Count 3:** Eighth Amendment pattern of violence or harmful environment claim against Defendants Butler and Spiller for condoning and maintaining a dangerous environment despite being on notice of multiple incidents of improper guard-on-inmate violence;

**Count 5:** Eighth Amendment deliberate indifference to serious medical need claim against Defendant Wexford for maintaining a policy that led to inadequate medical care, delayed medical care, improperly trained medical staff, lack of follow up care, and refusal of pain medication, with the objective of saving money;

**Count 8:** Eighth Amendment claim for deliberate indifference to a serious medical need when Defendant Oakley refused pain medication or other treatment for Corley's injured hand on March 2, 2015;

**Count 9:** Eighth Amendment claim for deliberate indifference to a serious medical condition by Defendant Rednour by delaying medical care for Corley's hand injury on March 2, 2015;

**Count 10:** Eighth Amendment deliberate indifference claim against Drs. Trost and Fuentes for denying pain medication stronger than Motrin to treat Corley's injured hand;

**Count 11:** Eighth Amendment claim for deliberate indifference against Defendants Johnson and Dilday for refusing to remove Corley's handcuffs and thus obstructing the provision of appropriate physical therapy;

**Count 12:** Eighth Amendment deliberate indifference claim against Dr. Ritz for denying ongoing care recommended by an external provider;

**Count 13:** Eighth Amendment deliberate indifference claim against Defendant Gail Walls for failing to adequately respond to Corley's grievances about a missed appointment, an inadequate physical therapy appointment, and the denial of an external provider's recommendation for follow-up care;

**Count 15:** First Amendment retaliation claim against Defendant Spiller for failing to correct the record as to the one-year term of segregation Corley was to serve, causing him to spend an extra 28 days in segregation.

On March 24, 2017, Defendants Fuentes, Ritz, Trost, and Wexford filed a motion for summary judgment for failure to exhaust administrative remedies (Doc. 38). That same day, Defendants Butler, Dilday, Oakley, Rednour, Spiller, Walls, and the Warden of Menard also filed a motion for summary judgment on the issue of exhaustion (Doc. 41). On May 12, 2017, Corley filed a "Motion for Summary Judgment," which he referred to within as a "reply" to Defendants' motion (Doc. 50). Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on July 17, 2017 (Doc. 60), and subsequently issued the Report and Recommendation currently before the Court (Doc. 66). Objections to the Report and Recommendation were due November 30, 2017. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not

conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson as to each count.

The Court agrees that Corley was thwarted in his attempt to exhaust his grievances at the institutional level when the prison failed to or refused to respond to Corley's May 1, 2015, June 9, 2015, July 20, 2015, August 5, 2015, and August 25, 2015 grievances. Therefore, Corley has exhausted his administrative remedies as to all claims contained in those grievances. The Court further agrees, however, that not all of Corley's claims are presented within those grievances.

In Count 1, Corley claims Defendant Rednour and John Doe 1 used excessive force on March 2, 2015. Corley did not file any grievance within 60 days of the incident that discussed the alleged use of excessive force. *See* ILL. ADMIN. CODE. TIT. 20 § 504.810(a) (2015). Thus, Count 1 will be dismissed without prejudice.

In Count 3, Corley alleges an Eighth Amendment pattern of violence or harmful environment claim against Defendants Butler and Spiller for condoning and maintaining a dangerous prison environment. But none of Corley's grievances complain about a

hostile environment at Menard; instead, they focus on the medical care he received for his fractured finger. Thus, Count 3 will be dismissed without prejudice.

In Count 5, Corley alleges that money was a motivating factor in the prison's failure to provide adequate medical care. As Magistrate Judge Wilkerson recognizes, Wexford is not specifically named in any of Corley's grievances. In his May 1, 2015 grievance, however, Corley complained about the delays in his medical care, and in his August 5, 2015 grievance, he complained of "negligent implementat[ion] of I.D.O.C. policy." He also stated that Dr. Ritz, a Wexford doctor, cancelled his follow up visit and that no doctor had talked to him about correcting his damaged finger. The Court agrees with Magistrate Judge Wilkerson that while Corley may not have been aware that it was Wexford's policies that delayed his medical treatment, his grievances were sufficient to put prison on notice of his claim against Wexford. Corley has exhausted his claim against Wexford in Count 5.

In Count 8 and Count 9, Corley asserts Defendant Oakley and Defendant Rednour were deliberately indifferent to a serious medical need related to their lack of treatment for Corley's injured hand on March 2, 2015. However, no timely grievance mentions Defendant Oakley's alleged lack of treatment on March 2, 2015. Similarly, no grievance at all discusses Defendant Rednour's medical care on March 2, 2015. Accordingly, Count 8 and Count 9 will be dismissed without prejudice.

Count 10 alleges a deliberate indifference claim against Defendants Dr. Trost and Dr. Fuentes for denying pain medication stronger than Motrin to treat Corley's fracture. Corley sufficiently exhausted this claim in his August 5, 2015 grievance when he stated

that these Defendants failed to provide medical care. Thus, Corley exhausted his administrative remedies with regard to Count 10.

In Count 11, Corley avers that Defendants Johnson and Dilday violated the Eighth Amendment when they refused to remove his handcuffs during physical therapy on May 5, 2015. Corley grieved this occurrence in his August 5, 2015 and August 25, 2015 grievances. Because these grievances were submitted more than 60 days after the incident, they are untimely and Count 11 will be dismissed without prejudice.

Counts 12 and 13 allege Eighth Amendment deliberate indifference claims against Defendants Dr. Ritz and Gail Walls, respectively. Corley sufficiently identified these claims in his August 2015 grievances, which were filed within 60 days of the alleged incidents. Accordingly, Counts 12 and 13 are sufficiently exhausted.

Finally, Corley's allegation in Count 15 that Defendant Spiller retaliated against him was not included in any grievance. Thus, Count 15 will be dismissed without prejudice.

Having found no clear error, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 66) in its entirety. The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Fuentes, Ritz, Trost, and Wexford (Doc. 38) is **DENIED**. The Motion for Summary Judgment filed by Defendants Butler, Dilday, Oakley, Rednour, Spiller, Walls, and the Warden of Menard is **GRANTED in part and DENIED in part** (Doc. 41). The Motion for Summary Judgment filed by Plaintiff Keon Corley, which the Court construes as a response to Defendants' motions, is **DENIED as moot.**

Counts 1, 3, 8, 9, 11, and 15 are **DISMISSED without prejudice**. Defendants Rednour, John Doe 1, Butler, Spiller, Oakley, Johnson, Dilday, and the Warden of Menard[1] are also **DISMISSED without prejudice.** This case shall now proceed on Counts 5, 10, 12, and 13 against Defendants Wexford, Dr. Trost, Dr. Fuentes, Dr. Ritz, and Gail Walls.

**IT IS SO ORDERED.**

DATED:   December 18, 2017

*(signature)*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] The Warden of Menard, in his or her official capacity, was added as a defendant by this Court in its screening order (Doc. 7) for the sole purpose of assisting with identifying John Doe 1 with particularity. Because John Doe 1 is dismissed by operation of this Order, the Warden of Menard is also dismissed.